

DAVID J. VAN HAVERMAAT, Cal Bar. No. 175761
Email: vanhavermaatd@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 03 2011
at ___ o'clock and 35 min ___ M.
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUPITER GROUP CAPITAL ADVISORS LLC, a Delaware limited liability company, and RICK CHO, an individual,<br><br>Defendants. | Case No. **CV11 00291 LEK RLP**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over this action pursuant to Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(d) and 80b-14.  Defendants Jupiter Group Capital Advisors ("Jupiter Group") and Rick Cho ("Cho") have, directly or indirectly, made use of the mails, or other means or instrumentalities of interstate commerce, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 214 of the Advisers Act, 15 U.S.C. § 80b-214, because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district and defendant Cho is located in this district.

## SUMMARY

3. This matter involves Jupiter Group, an investment adviser registered with the Commission, and its managing member, president, and chief compliance officer, Rick Cho. Jupiter Group and Cho filed a false submission with the Commission specifying the number of clients and assets under management of Jupiter Group ("Form ADV"), unlawfully refused to allow the Commission's staff to review Jupiter Group's books and records, and/or failed to maintain required records for an investment adviser. When Commission staff contacted Cho to conduct an examination of Jupiter Group, he initially failed to respond. Cho later claimed that the Form ADV for Jupiter Group was false and that Jupiter Group has no client accounts. Cho refused to provide evidence for his claim that the assets identified on the Jupiter Group Form ADV belong to an unrelated business venture, and Cho has never explained why the Form ADV for Jupiter Group has been amended twice since it was originally filed to increase the number of clients and the amount of money under management. Further, Cho has not withdrawn what he now claims is a false Form ADV.

4. Cho failed to respond to repeated requests by Commission staff of the Commission to produce records Jupiter Group is required to maintain, and to make available to the Commission staff upon request, as a registered investment adviser. Cho's actions raise concerns that Cho may have been using Jupiter Group's false Form ADV to lure potential investors and that he does indeed have investors and investor funds in his control. Without access to the records that only Cho and Jupiter Group can provide, it is impossible to determine the true state of affairs at Jupiter Group.

2

5.  The Defendants, by engaging in the conduct described in this Complaint, have violated, and unless enjoined will continue to violate, the provisions of the federal securities laws. By this Complaint, the Commission seeks emergency relief against the Defendants, including (1) a temporary restraining order; (2) orders requiring Cho and Jupiter Group to submit to an examination of Jupiter Group's books and records by the staff of the Commission, prohibiting destruction of documents, expediting discovery, requiring an accounting, and, upon the Commission staff's request, permitting a member of the U.S. Marshals Service to accompany the staff to Cho's offices, both his Hawaii office and the office in Kirkland, Washington, to enforce the Court's orders; (3) a preliminary and permanent injunction; and (4) civil money penalties.

## THE DEFENDANTS

6.  **Jupiter Group Capital Advisors, LLC** is a registered investment adviser whose principal place of business is purportedly Kirkland, Washington. Jupiter Group's registration with the Commission became effective on November 25, 2009, and its current Form ADV lists assets under management of $153 million for 38 accounts.

7.  **Rick Cho**, age 38, is a resident of Honolulu, Hawaii. Cho represents himself to be the managing member, president, and chief compliance officer of Jupiter Group.

## STATEMENT OF FACTS

**A.  Jupiter Group Failed to Produce Required Records for Examination**

8.  In December 2010, Commission staff attempted to conduct an examination of Jupiter Group. Commission staff sent a document request, dated December 2, 2010, to the contact address listed on the Form ADV, and received confirmation that it was delivered on December 6, 2010. Throughout the month of December, Commission staff made repeated unsuccessful attempts to contact Cho

to obtain Jupiter Group's documents. When Commission staff finally did locate Cho, he was residing and working in Hawaii, rather than the Kirkland, Washington address specified on the Form ADV. The Kirkland, Washington address appears to be a virtual office that provides phone answering and mail forwarding services.

9. On January 3, 2011, Commission staff received an email from Cho in which he attempted to justify his refusal to provide the required documents by explaining that there had not been any activity at Jupiter Group. He asked whether there was a process to "suspend" the firm's registration. Commission staff then spoke with Cho by telephone on January 4, 2011 and again on January 11, 2011. In the January 4, 2011 telephone call, Cho stated that Jupiter was created to advise ERISA plans, but that it had never done so. In both telephone calls, Cho stated that Jupiter Group never engaged in any investment advisory activities.

10. However, the initial Form ADV filed by Jupiter Group claimed assets under management of $135 million for 29 accounts. The Form ADV was amended twice, and a March 30, 2010 amendment increased these figures to $153 million in assets under management for 38 clients. Commission staff asked why Jupiter Group's Form ADV had been amended to increase assets under management to $153 million, and Cho responded that the reported assets under management were related to private equity/venture capital funds that he operates with associates unaffiliated with Jupiter Group (the "Private Equity Venture"). He claimed that the Form ADV was updated by someone else, but was evasive about the identity of that person. When asked whether there were any bank or brokerage statements for Jupiter Group and its clients' accounts, Cho replied that there were none.

11. In the January 11, 2011 telephone call, Commission staff requested from Cho an explanation in writing of where the $153 million in assets under management claimed on Jupiter Group's Form ADV derived from. Cho said he was under a confidentiality agreement with his colleagues in the Private Equity Venture and could not disclose this information to Commission staff. He also

stated that he would get back to the Commission staff on January 12, 2011. Cho then sent an email to Commission staff on January 13, 2011, in which he indicated that he had been traveling and would respond to the Commission staff's request when he had a "free moment."

12.     Between January 17 and February 17, 2011, Commission staff made several further attempts to contact Cho by telephone. On February 17, 2011, Commission staff wrote to Cho, demanding that he contact the staff immediately to resolve the outstanding examination document request.

13.     On February 23, 2011, Commission staff spoke to Cho by telephone. Cho repeated the statements he had previously made to that Jupiter Group had never engaged in any investment advisory activities and had no clients or assets under management. Commission staff communicated to Cho that his explanations regarding the filing and amendments to the Form ADV were not credible. At that point, Cho offered to put the staff in contact with the business associate he said was responsible for filing the Form ADV.

14.     On March 1, 2011, Commission staff spoke to Cho's business associate. That individual informed the staff that he filed the Form ADV for Jupiter Group as a favor to Cho, that the information on the Form was provided by Cho, and the updates were done at Cho's direction. Cho's business associate believed that the claimed assets under management were "estimates" of future private equity and real estate financing deals Cho intended to complete, and the estimates were derived from data on past deals Cho had done. He stated that to his knowledge, at the time the Form ADV was filed, Jupiter Group had no clients or assets under management, nor had it ever had clients or assets under management.

15.     On March 10, 2011, Commission staff wrote to Cho again, stating that it had serious concerns regarding the operations of Jupiter Group, and informing Cho that Jupiter Group's continued failure to provide access to Jupiter Group's books and records may constitute violations of the Advisers Act, and that the act of

filing a Form ADV containing materially misleading information concerning Jupiter Group's clients and assets under management may have been a violation of the antifraud and false filing provisions of the Advisers Act.  Cho acknowledged receipt of that letter by email, but never responded to it.

16. Cho failed to comply with the Commission staff's document request or provide a satisfactory explanation for the apparently false statements on Jupiter Group's Form ADV.  Jupiter Group and Cho have thus failed to provide Commission staff the records required to be kept by regulated investment advisers in the ordinary and regular course of their business.  These documents included cash receipts and disbursements, general and auxiliary ledgers reflecting income and expense accounts, order memoranda, financial statements, written communications, powers of attorney, copies of the code of ethics, access person reports, record of ADV offer and delivery, compliance policies and procedures, and securities position records.

**B.      Jupiter Group Filed a False Form ADV**

17. Jupiter Group appears to have filed a false Form ADV with the Commission.  Cho admitted that he inflated the assets under management of Jupiter Group.  According to Jupiter Group's most recent Form ADV, it has more than $153 million of client assets under discretionary management.  In Cho's multiple conversations with Commission staff, he orally represented that those numbers were estimates of future assets, because Jupiter Group has no clients and no assets under management.  Cho's business associate's statements to the staff support Cho's admissions.  Cho's business associate also claims that Jupiter Group never had $153 million in assets under management and that this disclosure was, at best, an anticipated result after Cho had completed certain anticipated future transactions.

6

18. Pursuant to Section 203A of the Advisers Act, 15 U.S.C. § 80b-3a, Jupiter Group was ineligible to register with the Commission due because it has less than $25 million in assets under management.

## FIRST CLAIM FOR RELIEF
## FAILURE OF INVESTMENT ADVISER TO KEEP RECORDS AND TO PROVIDE SAME FOR COMMISSION EXAMINATION
### Violations of Section 204 of the Advisers Act
### (Against All Defendants)

19. The Commission realleges and incorporates by reference paragraphs 1 through 18 above.

20. Defendant Jupiter Group makes use of the mails and means and instrumentalities of interstate commerce in connection with its business as an investment adviser and is required to make and keep certain prescribed records as necessary or appropriate in the public interest and for the protection of investors. The documents included cash receipts and disbursements, general and auxiliary ledgers reflecting income and expense accounts, order memoranda, financial statements, written communications, powers of attorney, copies of the code of ethics, access person reports, record of ADV offer and delivery, compliance policies and procedures, and securities position records.

21. Such records are subject at any time, and from time to time, to such reasonable periodic, special or other examinations by representatives of the Commission.

22. Defendant Jupiter Group has failed to provide such required records to Commission examiners for such review as may be required by the public interest and for the protection of investors, as required by Section 204 of the Advisers Act, 15 U.S.C. § 80b-4.

23. By engaging in the conduct described above, Defendant Jupiter Group violated, and unless restrained and enjoined will continue to violate, Section 204 of

the Advisers Act. Defendant Cho has aided and abetted, and unless enjoined, will continue to aid and abet, the violations by Jupiter Group of Section 204 of the Advisers Act.

## SECOND CLAIM FOR RELIEF
## INELIGIBLITY OF INVESTMENT ADVISER
## FOR FEDERAL REGISTRATION
### Violations of Section 203A of the Advisers Act
### (Against All Defendants)

24. The Commission realleges and incorporates by reference paragraphs 1 through 18 above.

25. Jupiter Group maintains its principal office and place of business within the State of Washington and has assets under management of less than $25,000,000. Jupiter Group is not otherwise exempt from the provisions of Section 203A of the Advisers Act, 15 U.S.C. § 80b-3a. Jupiter Group is ineligible to register as a federal investment adviser and is required to register with the appropriate state entity under Section 203A of the Advisers Act, 15 U.S.C. § 80b-3A.

26. Jupiter Group has remained at all times relevant ineligible to register as a federal investment adviser under Section 203 of the Advisers Act and must register as required by Section 203A of the Advisers Act.

27. By engaging in the conduct described above, Defendant Jupiter Group has violated, and unless restrained and enjoined will continue to violate, Section 203A of the Advisers Act. Defendant Cho has aided and abetted, and unless enjoined, will continue to aid and abet, the violations by Jupiter Group of Section 203A of the Advisers Act.

///
///
///

## THIRD CLAIM FOR RELIEF
## FILING A FALSE FORM ADV WITH THE COMMISSION
### Violations of Section 207 of the Advisers Act
### (Against All Defendants)

28. The Commission realleges and incorporates by reference paragraphs 1 through 18 above.

29. Defendants made use of the mails and means and instrumentalities of interstate commerce in filing a false Form ADV with the Commission.

30. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined, will continue to violate, Section 207 of the Advisers Act, 15 U.S.C. § 80b-7.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that the Defendants committed the alleged violations.

### II.

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining the Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Sections 203A, 204, and 207 of the Advisers Act, 15 U.S.C. §§ 80b-3a, 80b-4, and 80b-7.

### III.

Issue, in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and orders (1) requiring Cho and Jupiter Group to submit to an examination of Jupiter Group's books and records by the staff of the Commission, prohibiting destruction of documents, expediting discovery, requiring an accounting, and, upon

the Commission staff's request, permitting a member of the U.S. Marshals Service to accompany the staff to Cho's offices, both his Hawaii office and the office in Kirkland, Washington, to enforce the Court's orders; (2) a preliminary and permanent injunction; and (3) civil money penalties.

## IV.

Order each of the Defendants to pay civil penalties under Section 209 of the Advisers Act, 15 U.S.C. § 80b-9.

## V.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VI.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: May 3, 2011                    Respectfully submitted,

                                      /s/ Lynn M. Dean
                                      Lynn M. Dean
                                      Attorney for Plaintiff
                                      Securities and Exchange Commission