IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SECURITIES AND EXCHANGE      )      CIVIL 11-00291 LEK-RLP
COMMISSION,                  )
                             )
          Plaintiff,         )
                             )
     vs.                     )
                             )
JUPITER GROUP CAPITAL        )
ADVISORS LLC, a Delaware     )
limited liability company,   )
and RICK CHO, an individual, )
                             )
          Defendants.        )
_____ )


**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S APPEAL OF ENTRY OF PROTECTIVE ORDER**

On November 28, 2011, the magistrate judge issued his Order Regarding Stipulated Protective Order ("Order").  Attached to the Order as Exhibit 1 is the Protective Order that the magistrate judge adopted.  Plaintiff the Securities and Exchange Commission ("the SEC") filed its Statement of Appeal of Entry of Protective Order ("Appeal") on December 12, 2011.  Defendants Jupiter Group Capital Advisors LLC and Rick Cho (collectively "Defendants") filed their Memorandum in Response to the Appeal ("Memorandum in Opposition") on January 12, 2012, and the SEC filed its reply on February 7, 2012.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

After careful consideration of the Appeal, supporting and opposing memoranda, and the relevant legal authority, the SEC's Appeal is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

### BACKGROUND

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only discuss the events that are relevant to the review of the Order and the Appeal.

On October 24, 2011, the magistrate judge issued his Order Granting Plaintiff Securities and Exchange Commission's Motion to Compel Responses to First Set of Requests for Production to Defendant Rick Cho ("Discovery Order"). [Dkt. no. 57.] The Discovery Order required Defendant Cho to, *inter alia*, prepare and serve revised written responses and produce responsive documents to certain requests in the SEC's Request for Production of Documents to Rick Cho, dated May 11, 2011. The Discovery Order also directed the parties to meet and confer regarding the entry of a stipulated protective order addressing the discovery at issue.[1]  [Id. at 2.]

The parties, however, were not able to agree on a

---

[1] In their memorandum in opposition to the Motion to Compel, Defendants requested a protective order if the magistrate judge ordered them to produce additional documents. [Defs.' Mem. in Response to Pltf.'s Motion to Compel (dkt. #36), filed 9/16/11 (dkt. no. 42), at 23-25.]

stipulated protective order.  On November 15, 2011, the SEC and
Defendants each submitted a letter brief, with a proposed
protective order, to the magistrate judge.[2]  [Order at 1.]  The
magistrate judge noted, *inter alia*, that the SEC

> refused to stipulate to a provision that required
> all confidential materials to be returned to the
> producing party or destroyed within thirty (30)
> days after the conclusion of the action, in light
> of, among other things, a National Archives and
> Records Administration approved records retention
> schedule for the SEC's Division of Enforcement
> stating that "Litigation Records" must be
> maintained for a period of 25 years.

[Id. at 2.]  The magistrate judge ruled as follows:

> After careful consideration of the letter
> briefs, the proposed protective orders, and
> exhibits attached thereto, and the record
> established in this action, pursuant to Rule
> 26(c)(1) of the Federal Rules of Civil Procedure,
> and with good cause therefor, the Court HEREBY
> ADOPTS AS MODIFIED Defendants' proposed protective
> order, which is attached to the instant Order as
> Exhibit "1".

[Id.]  The Protective Order that the magistrate judge adopted
states, in pertinent part:

> 21.  Within thirty (30) days after the
> conclusion of the Action, including all appeals,
> any and all originals and copies of Discovery
> Materials maintaining a "Confidential" designation
> shall, at the option of the Producing Party, be
> returned to the Producing Party or destroyed.

---

[2] The SEC's letter brief and proposed protective order are
attached to the Appeal as Exhibit 1 to the Declaration of
Lynn M. Dean in support of the Appeal ("Dean Declaration").
[Dkt. no. 61-1 at 8-28.]  Defendants' letter brief and proposed
protective order are attached to the Dean Declaration as Exhibit
2.  [Id. at 30-48.]

> Notwithstanding the previous sentence, outside
> counsel of record for each party in this Action
> may maintain in their files one copy of documents
> filed with the Court, written discovery requests
> and responses, and attorney work product, provided
> that any corresponding exhibits containing
> Confidential Information are returned to the
> Producing Party or destroyed, again at the option
> of the Producing Party.  Upon request from any
> party to this Action or Producing Party, a party
> shall provide written certification that it has
> complied with this Paragraph. . . .

[Protective Order at 12-13 ("Paragraph 21").]

I.   **The SEC's Appeal**

In its Appeal, the SEC seeks relief from Paragraph 21 and asks that this Court strike Paragraph 21 from the Protective Order.  The SEC acknowledges that Paragraph 21 is a standard provision in protective orders entered in cases involving private litigants, but the SEC argues that the provision is inappropriate in the instant case because requiring the SEC to comply with Paragraph 21 would contravene the SEC's document retention obligations under the Federal Records Act of 1950 ("Records Act") and the National Achieves and Records Administration ("NARA") regulations promulgated pursuant thereto.  The SEC argues that Defendants did not establish good cause requiring the inclusion of Paragraph 21 in the Protective Order.

II.   **Defendants' Memorandum in Opposition**

In their Memorandum in Opposition to the Appeal, Defendants argue that the magistrate judge had good cause to enter the Protective Order because of the SEC's prior disregard

4

for Defendants' legitimate confidentiality concerns.  As to Paragraph 21, Defendants argue that protective orders routinely include similar return-or-destroy provisions, and the SEC has agreed to and operated under similar provisions in protective orders issued in other cases.[3]  Further, even if the confidential discovery in this case constitutes "records" subject to NARA retention schedules, there is an established mechanism for the destruction of records in advance of such schedules pursuant to court order.  Defendants also argue that, to the extent there is conflict between either the Protective Order and the NARA regulations or between Rule 26 and the federal statutes governing record retention, the Protective Order and Rule 26 controls.  Defendants emphasize that it is the SEC's burden to show that the magistrate judge's inclusion of Paragraph 21 in the Protective Order was clearly erroneous or contrary to law.  Defendants urge the Court to affirm the magistrate judge's Order because the SEC has not carried that burden.

## III. **The SEC's Reply**

In its reply, the SEC emphasizes that it is not appealing the entry of the Protective Order itself; the only issue in the Appeal is whether this Court should strike Paragraph

---

[3] Defendants attached six protective orders from cases outside of the District of Hawai`i as exhibits to the Declaration of Michael M. Merley, which Defendants filed with their Memorandum in Opposition on January 12, 2012.  [Dkt. nos. 65-1 to 65-6.]

21 from the Protective Order.  The SEC notes that, pursuant to Rule 26(c), Defendants had the burden of showing a particular and specific need for the Protective Order that they requested, including Paragraph 21.  Although Defendants allege that the provision is necessary because of the economic harm and the harm to Defendant Cho's reputation that the SEC allegedly caused, Defendants have not articulated any specific harm.  The SEC reiterates that Paragraph 21 contravenes its document retention obligations, and the SEC argues that the protective orders entered in other cases have no relevance to the instant case. The SEC also argues that the Records Act and the NARA regulations do not conflict with Rule 26.

### **STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court.  The decision of the magistrate judge on non-dispositive matters is final.  Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

.  .  .  .

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D.

6

672, 674 (D. Haw. 2008); <u>see</u> <u>Hunt v. Nat'l</u>
<u>Broadcasting Co.</u>, 872 F.2d 289, 292 (9th Cir.
1989) (noting that such failures constitute abuse
of discretion).

<u>Hasegawa v. Hawaii</u>, CV No. 10-00745 DAE-BMK, 2011 WL 6258831, at

*1-2 (D. Hawai`i Dec. 14, 2011).

## **DISCUSSION**

At the outset, the Court notes that the standard
applicable to an appeal of a magistrate judge's non-dispositive
order is highly deferential.  In the present case, however, this
Court cannot accord the usual deference to magistrate judge's
Order because this Court cannot determine what law the magistrate
judge applied to his decision to include Paragraph 21 in the
Protective Order.  Although the Order acknowledged the parties'
dispute about the inclusion of a return-or-destroy provision in
the Protective Order and the magistrate judge clearly ruled in
Defendants' favor on that issue, the Order includes no
explanation of the legal analysis behind the ruling.  The Order
concludes only that, pursuant to Rule 26(c)(1), there is good
cause for the Protective Order in general.  The Court therefore
GRANTS the SEC's Appeal insofar as this Court cannot conduct a
meaningful review of the magistrate judge's ruling on the
inclusion of Paragraph 21 in the Protective Order.

The Court notes that U.S.C. Title 44, Chapter 33,
governing the disposal of records, defines the term "records" as
including

> all books, papers, maps, photographs, machine
> readable materials, or other documentary
> materials, regardless of physical form or
> characteristics, made or received by an agency of
> the United States Government under Federal law or
> in connection with the transaction of public
> business and preserved or appropriate for
> preservation by that agency or its legitimate
> successor as evidence of the organization,
> functions, policies, decisions, procedures,
> operations, or other activities of the Government
> or because of the informational value of data in
> them. . . .

44 U.S.C. § 3301.  Section 3302 authorizes the Archivist[4] to

promulgate regulations establishing "procedures for the disposal

of records authorized for disposal[.]"  44 U.S.C. § 3302(2).  The

Archivist examines lists and schedules of records selected by

agency heads for disposal pursuant to 44 U.S.C. § 3303, and

> [i]f the Archivist determines that any of the
> records listed in a list or schedule submitted to
> him do not, or will not after the lapse of the
> period specified, have sufficient administrative,
> legal, research, or other value to warrant their
> continued preservation by the Government, he may,
> after publication of notice in the Federal
> Register and an opportunity for interested persons
> to submit comment thereon--
> > (1) notify the agency to that effect;
> and
> > (2) empower the agency to dispose of
> those records in accordance with regulations
> promulgated under section 3302 of this title.

44 U.S.C. § 3303a(a).  Further, the Archivist promulgates records

disposal schedules "authorizing the disposal, after the lapse of

specified periods of time, of records of a specified form or

---

[4] The NARA is under the supervision and direction of the
Archivist.  44 U.S.C. §§ 2101(3), 2102.

character common to several or all agencies if such records will not, at the end of the periods specified, have sufficient administrative, legal, research, or other value to warrant their further preservation . . . ." § 3303a(d); see also 36 C.F.R. § 1227.10 ("General Records Schedules (GRS) are schedules issued by the Archivist of the United States that authorize, after specified periods of time, the destruction of temporary records or the transfer to the National Archives of the United States of permanent records that are common to several or all agencies."). The procedures for record disposal prescribed in Chapter 33 are the exclusive methods for the destruction of the federal government's records. 44 U.S.C. § 3314. The SEC has submitted evidence that the current NARA schedule for records of SEC enforcement actions requires record retention for twenty-five years. [Reply, Decl. of David Brown ("Brown Decl."),[5] Exh. 1.]

Further, at least one court has recognized that agencies' document retention obligations must be considered in fashioning protective or confidentiality orders.

> The Federal Records Disposal Act ("FRDA")
> prohibits destruction of government records except
> according to its requirements. 44 U.S.C. § 3314
> ("[R]ecords of the United States Government may
> not be alienated or destroyed except under this
> chapter."). . . . Courts must exercise caution
> when issuing confidentiality orders so as not to

---

[5] Mr. Brown is the SEC's "Archivist in the Office of [the Freedom of Information Act], Records Management, and Security." [Brown Decl. at ¶ 1.]

9

> demand that the [Equal Employment Opportunity
> Commission ("EEOC")] destroy government documents,
> including notes and memoranda, in conflict with
> the EEOC's duty to obey the requirements of the
> FRDA.

EEOC v. Kronos Inc., 620 F.3d 287, 303-04 (3d Cir. 2010).

The NARA regulations, however, do include a procedure

for the disposal of records in advance of NARA schedules when

required by court order.

> When required by court order (*i.e.*, order for
> expungement or destruction), an agency may destroy
> temporary records before their NARA-authorized
> disposition date.  In accordance with § 1230.14 of
> this subchapter, an agency must notify the
> National Archives and Records Administration . . .
> when permanent or unscheduled records are to be
> destroyed in response to a court order.  If the
> records have significant historical value, NARA
> will promptly advise the agency of any concerns
> over their destruction.

36 C.F.R. § 1226.14(e).

> *Permanent record* means any Federal record
> that has been determined by NARA to have
> sufficient value to warrant its preservation in
> the National Archives of the United States, even
> while it remains in agency custody.  Permanent
> records are those for which the disposition is
> permanent on SF 115, Request for Records
> Disposition Authority, approved by NARA on or
> after May 14, 1973.  The term also includes all
> records accessioned by NARA into the National
> Archives of the United States.

> . . . .

> *Temporary record* means any Federal record
> that has been determined by the Archivist of the
> United States to have insufficient value (on the
> basis of current standards) to warrant its
> preservation by the National Archives and Records
> Administration.  This determination may take the

form of:
>        (1) Records designated as disposable in
> an agency records disposition schedule
> approved by NARA (SF 115, Request for Records
> Disposition Authority); or
>        (2) Records designated as disposable in
> a General Records Schedule.

> *Unscheduled records* are Federal records whose
> final disposition has not been approved by NARA on
> a SF 115, Request for Records Disposition
> Authority.  Such records must be treated as
> permanent until a final disposition is approved.

36 C.F.R. 1220.18.

In light of the foregoing, the Court ORDERS the parties to meet and confer to discuss the applicability of § 1226.14(e) and to try to reach an agreement regarding a modified version of Paragraph 21.  For example, the parties may be willing to stipulate that the SEC will apply to the Archivist to have the records in this case designated as temporary records so that the records subject to the Protective Order may be disposed of pursuant thereto.  If the parties are able to reach an agreement regarding a modification to Paragraph 21, the parties shall submit a stipulation to the magistrate judge for approval.

If the parties are unable to reach an agreement, *i.e.* if they fail to submit their stipulation to the magistrate judge, by **March 8, 2012**, this Court will REMAND this matter to the magistrate judge for reconsideration of Defendants' request for the inclusion of Paragraph 21 in the Protective Order in light of the authorities identified in this Order.  Thus, at the present

time, the Court DENIES the SEC's request to strike Paragraph 21 from the protective order.

## CONCLUSION

On the basis of the foregoing, the SEC's Statement of Appeal of Entry of Protective Order, filed December 12, 2011, is HEREBY GRANTED insofar as this Court STAYS the applicability of Paragraph 21 of the Protective Order.  The Appeal is DENIED as to the request to strike Paragraph 21.  The Court ORDERS the parties to meet and confer regarding the applicability of 36 C.F.R. § 1230.14(e).  If the parties fail to agree upon a modified version of Paragraph 21 by **March 8, 2012**, this court will REMAND this matter to the magistrate judge for reconsideration in light of the authorities identified in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**SECURITIES AND EXCHANGE COMMISSION V. JUPITER GROUP CAPITAL ADVISORS LLC, ET AL; CIVIL NO. 11-00291 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPEAL OF ENTRY OF PROTECTIVE ORDER**